**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CARLOS ANDRES GONZALEZ** **PETITIONER**

**v.** **CIVIL ACTION NO. 5:15-cv-9-KS-MTP**

**JEH CHARLES JOHNSON, ET AL.** **RESPONDENTS**

**REPORT AND RECOMMENDATIONS**

BEFORE THE COURT is the *pro se* Petition of Carlos Andres Gonzalez for a writ of habeas corpus under 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

**BACKGROUND**

On July 31, 2007, Petitioner was sentenced in the United States District Court for the Middle District of Florida for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(A)(1), (B)(1)(A), (B)(1)(B); and 846. He was sentenced to a 120-month term of imprisonment and 5 years of post-release supervision. *See Gonzales v. Wagner*, Civil Action No. 5:15-cv-193-DCB-MTP, 2014 WL 6680542 (S.D. Miss. Nov. 25, 2015).[1]

On January 26, 2015, Petitioner filed this habeas action challenging an immigration detainer lodged against him by the United States Immigration and Customs Enforcement ("ICE"). According to Petitioner, the detainer is unlawful and prevents him from (1) being

[1] In a prior habeas action, *Gonzales*, 5:15-cv-193-DCB-MTP, Petitioner challenged the Bureau of Prisons's actions in assigning him a Public Safety Factor of "Deportable Alien," which prevented him from (1) being placed in a minimum security prison; (2) participating in a residential drug abuse program; (3) participating in a residential reentry center; (4) being transferred to a facility closer to his family; (5) being reunited with his family at the earliest possible time; and (6) participating in Federal Prison Industries.

placed in a minimum security prison; (2) participating in a residential reentry center; (3) being transferred to a facility closer to his family; and (4) being reunited with his family at the earliest possible time.

On May 1, 2015, Respondents filed a Response [7], arguing that Petitioner is not entitled to any relief. On June 2, 2015, Petitioner filed a Reply [9] in support of his habeas petition. Additionally, on July 1, 2016, Respondents filed a Notice of Petitioner Status [11], asserting that Petitioner was released from federal custody in 2015.

**ANALYSIS**

***Mootness***

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. The "case or controversy" requirement deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Mootness is a jurisdictional question that must be resolved by the Court, *sua sponte* if necessary, before proceeding to the merits of an action. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

In this action, Petitioner seeks an order from the Court declaring that the immigration detainer lodged against him is unlawful and, implicitly, seeks the discharge of that detainer so that he would be eligible for a prison transfer and certain prison programs. Petitioner, however,

was released from BOP custody in 2015. *See* Notice of Petitioner Status [11].[2] Petitioner's release renders his habeas petition moot because it no longer presents a case or controversy. *See Sosa v. United States*, 504 Fed. App'x. 353 (5th Cir. 2013); *Soto v. United States*, 604 Fed. App'x. 598, 599 (9th Cir. 2015); *Sewell v. Stephens*, 2011 WL 2746122 (E.D.N.C. July 13, 2011); *Hong Thi Le v. Dep't of Homeland Sec.*, 2009 WL 1351205 (N.D.W.V. May 13, 2009); *Ceja v. Immigration & Customs Enf't*, 2009 WL 910858 (E.D. Cal. Apr. 2, 2009); *Henry v. Quintana*, 2009 WL 6978575 (W.D. Penn. Dec. 8, 2009); and *Ramos v. Wells*, 2009 WL 87617 (S.D. Ga. Jan. 12, 2009).[3] Accordingly, the Petition should be dismissed.

***"In Custody" Requirement***

Additionally, the Court lacks jurisdiction to hear this habeas action because Petitioner does not meet the "in custody" requirement of Section 2241. "For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). At the time Petitioner filed the instant Section 2241 habeas petition, he was incarcerated as a result of a federal criminal conviction he received in the United States District Court for the Middle District of Florida. The "filing of a detainer is an informal procedure in which the INS informs prison officials that a person is subject to

---

[2] The BOP maintains an Inmate Locator Service, which may be accessed through the BOP's official website. According to the Inmate Locator Service, Petitioner was released on October 8, 2015. *See* www.bop.gov/inmateloc/ (lasted visited December 13, 2016).

[3] The undersigned notes that the doctrine of collateral consequences is a narrow exception to the mootness rule. This exception arises when a former prisoner can show that he will suffer some collateral legal consequence if his conviction is allowed to stand. *See Carafas v. Lavallee*, 391 U.S. 234 (1968). The record does not demonstrate that the collateral consequences exception is applicable in this action. *See Spencer v. Kemma*, 523 U.S. 1, 7 (1998). The record presents no injury which exists subsequent to Petitioner's release or which can be remedied in a Section 2241 proceeding.

deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." *Id*. A detainer, without more, does not satisfy the "in custody" requirement of Section 2241. *See Id*. Therefore, Petitioner was not "in custody" as a result of an immigration detainer, and this Court lacks jurisdiction to consider Petitioner's challenges to the detainer. *See Zamarripa-Torres v. Bureau of Immigration and Custom Enf't*, 347 Fed. App'x. 47 (5th Cir. 2009). Accordingly, the Petition should be dismissed.

**RECOMMENDATION**

For the reasons stated above, the Petition [1] for a writ of habeas corpus is moot. Moreover, the Court lacks jurisdiction to hear this habeas action because Petitioner does not meet the "in custody" requirement of Section 2241. Accordingly, the undersigned recommends that the relief sought in the Petition [1] be denied and that this action be dismissed with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of December, 2016.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE